# MARY L. DEPRIEST

## v.

# WAYNE PRESTON PEARSON

Record No. 881089

# MARTHA C. ARMSTEAD

## v.

# WAYNE PRESTON PEARSON

Record No. 881108

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting and Lacy, JJ., and Harrison, Retired Justice

*Woodson T. Drumheller* for appellant. (Record Nos. 881089 and 881108)

*Rhysa Griffith South, Assistant County Attorney (Joseph P. Rapisarda, Jr., County Attorney*, on brief), for appellee. (Record Nos. 881089 and 881108)

JUSTICE WHITING delivered the opinion of the Court.

■ The dispositive issue in these two consolidated cases is whether a bus used by a county recreation department to transport passengers on a recreational trip is a "recreational facility" within the meaning of Code § 15.1-291. This statute provides:

No city or town which shall operate any bathing beach, swimming pool, park, playground or other recreational facility shall be liable in any civil action or proceeding for damages resulting from any injury to the person or property of any person caused by any act or omission constituting simple or ordinary negligence on the part of any officer or agent of such city or town in the maintenance or operation of any such recreational facility. Every such city or town shall, however, be liable in damages for the gross or wanton negligence of any of its officers or agents in the maintenance or operation of any such recreational facility.

> The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.

On February 22, 1986, the Henrico County Department of Parks and Recreation sponsored a recreational trip to the Williamsburg Pottery, a retail establishment, for senior citizens of the Gravel Hill Community Center. In doing so, it furnished one of its buses and a driver, Wayne Preston Pearson, a recreational assistant employed by Henrico County. En route to Williamsburg, Pearson lost control of the bus in New Kent County while attempting to avoid a pothole. The bus overturned and Mary L. DePriest and Martha C. Armstead, two of the several passengers, were injured.

DePriest and Armstead filed separate actions against Pearson and his employer, Henrico County. Before either of these cases was tried, DePriest and Armstead nonsuited the county.

DePriest's action was tried before a jury on June 22, 1988. At trial, the court ruled that Pearson was guilty of ordinary negligence as a matter of law, and submitted only the issue of damages to the jury. The jury returned an $85,000 verdict for DePriest. Later, the trial court set aside the verdict, and entered final judgment for Pearson on the ground that he was entitled to the benefit of Code § 15.1-291, and could only be liable if he was guilty of gross negligence in the operation of the bus. The court concluded that the evidence was insufficient to justify such a finding.

Armstead's case was tried on July 13, 1988. The issues of Pearson's reasonableness in operating the bus and Armstead's damages were submitted to a jury, which returned a verdict of $66,000 in Armstead's favor. Later, the court set that verdict aside upon the same grounds that DePriest's verdict had been set aside and entered judgment for Pearson.

We granted an appeal in each case and consolidated them for argument. On appeal, the plaintiffs argue that Code § 15.1-291 is inapplicable because the bus was not a "recreational facility" within the meaning of the statute. Moreover, they contend that Pearson cannot rely upon the benefits of the statute, which extend only to the named governmental entities.* Pearson's sole argument is that he is entitled to the benefit of the statute because he

---

* Because we uphold the plaintiffs' first contention, we need not, and do not, rule upon the second contention.

was operating a "recreational facility" at the time the bus overturned.

■ We conclude that at the time of the accident, the bus was not being used as a "recreational facility" within the meaning of Code § 15.1-291. In *Frazier* v. *City of Norfolk*, 234 Va. 388, 362 S.E.2d 688 (1987), we said the statutory term "recreational facility" was unambiguous and meant "a place for citizens' diversion and entertainment. It is a place, like a bathing beach, swimming pool, park, or playground, where members of the public are entertained and diverted, either by their own activities or by the activities of others." *Id.* at 392, 362 S.E.2d at 690. Obviously, the county was not operating a "recreational facility" when it was transporting passengers by bus to an outing in Williamsburg. In these cases, the bus and Pearson's use of it simply served as a means of transportation.

Accordingly, we conclude that the verdicts should not have been set aside. We will reverse the appealed judgments, and will enter final judgment for the plaintiff in each case.

Record No. 881089 - *Reversed and final judgment.*
Record No. 881108 - *Reversed and final judgment.*