## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas J. Dornan et al.

v.

Penn Builders et al.

September 18, 1990

Case No. (Law) 95532

By JUDGE THOMAS A. FORTKORT

This cause was taken under advisement by the Court on the limited issue of whether the common law implied warranties of merchantability and fitness apply in this case.

The facts of the case in brief form are as follows. The plaintiffs Thomas J. and Ramona Dornan, husband and wife, and their son, Christopher, brought this action against Penn Builders, Grim Co., Star Concrete Foundations, Inc., and Adhesive Technology. The Dornans purchased a newly-constructed home, with a crack in the concrete in the basement floor. Penn Builders whose general partner is the Grim Co. was the contractor and seller of the house. They contracted with Star Concrete to fix the floor crack. Star Concrete used an epoxy resin supplied by Adhesive Technology to repair the floor crack. During the course of the repair by Star Concrete employees, they sanded the epoxy sealer sending fine dust through the house heating and ventilating system. The plaintiffs claim this dust

caused respiratory and other illnesses to the family and list several damages as a result.

In its suit against Applied Technologies, plaintiffs claim ATC was negligent in that it (a) knew or should have known that the product was used in the manner as the case at bar and that it failed to warn prospective users that it should not be sanded in an occupied, residential dwelling; (b) failed to test the product to see if it was safe for a residence; and (c) failed to warn prospective users as to how the product should be applied.

Defendants assert that Virginia law would hold a manufacturer liable for a failure to warn if its conduct is unreasonable. There is no duty to warn when the product is not in fact dangerous or used in an unforeseeable manner. The defendants conclude that because plaintiffs also alleged that the defendant Star Concrete failed to properly apply the product, that it must have been used in an unforeseeable manner.

The fact that the user of the product does not follow the product instructions is insufficient by itself to bar proximate cause. At the demurrer stage, the court cannot conclude that because the user of the product is negligent, that fact precludes a finding that the product itself is dangerous or that the particular use albeit negligent was not foreseeable.

A similar problem arises with the implied warranty of merchantability. When an industrial skilled purchaser knows or should have known of any dangerous propensities of a product, no implied warranty of merchantability arises. In this case, in evaluating this demurrer, the court cannot conclusively state whether the purchaser knew or should have known of the hazards, if any, of using this product. The demurrer is overruled on this issue.

The demurrer is sustained as to the implied warranty of fitness. There is no allegation that the purchaser, Star, sought any counsel from the manufacturer concerning the use of the product. Plaintiffs' assertion that the manufacturer had a duty to warn and instruct as to the manner of application only arises when the manufacturer knows the use which the purchaser intends to make of the product and that the purchaser relies upon the manufacturer to furnish the appropriate goods. The demurrer to the implied warranty of fitness count is sustained.