Present:   All the Justices

GLADYS JANET DECKER

                              OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 992098              June 9, 2000

THOMAS D. HARLAN, II, ET AL.

        FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
              Wilford J. Taylor, Jr., Judge

                              I.

     In this appeal, we consider whether Code § 15.2-1809 bars

a plaintiff's tort claims against the City of Hampton, which

operates the Hampton Coliseum, and its employee, a building

mechanic assigned to work at that facility.  Code § 15.2-1809

states in relevant part:

        "No city or town which operates any park,
     recreational facility or playground shall be liable
     in any civil action or proceeding for damages
     resulting from any injury to the person or from a
     loss of or damage to the property of any person
     caused by any act or omission constituting ordinary
     negligence on the part of any officer or agent of
     such city or town in the maintenance or operation of
     any such park, recreational facility or playground.
     Every such city or town shall, however, be liable in
     damages for the gross negligence of any of its
     officers or agents in the maintenance or operation
     of any such park, recreational facility or
     playground."

                              II.

     Plaintiff, Gladys Janet Decker, filed her motion for

judgment against the City of Hampton and its employee, Thomas

D. Harlan, II.  Decker alleged that she sustained personal

injuries when a refuse truck, operated by Harlan, collided

with her van.  The defendants, relying upon Code § 15.2-1809, filed a plea of statutory immunity.  The circuit court conducted an evidentiary hearing, sustained the plea, and, among other things, entered a judgment in favor of the defendants.  Decker appeals.

The following evidence was adduced at the evidentiary hearing.  On October 29, 1996, Decker was driving a van on Magruder Boulevard near its intersection with Semple Farm Road in the City of Hampton.  While she was in her van, stopped at a traffic light, a refuse truck operated by Harlan collided with Decker's van, injuring her.

On the date of the accident, Harlan was employed as a building mechanic for the City of Hampton and the Hampton Coliseum.  The Hampton Coliseum is a facility "that hosts concerts, family shows, sports events, conventions, trade and customer shows, and meetings."  Harlan was required to remove "the staging set up from . . . previous event[s], totally clean the building, mark the floor and set up the tables and the chairs and the displays."

A refuse truck was regularly used to remove trash that accumulated in the Coliseum.  The truck is owned by the City of Hampton and "assigned by the City to the . . . Coliseum." Harlan was required to remove the trash from the Coliseum by

2

transporting the trash in the refuse truck to a steam plant where the trash was incinerated.

Harlan testified that on the evening when the accident occurred, he learned that the refuse truck that was assigned to the Coliseum was full. He decided to drive the refuse truck to the steam plant and empty the trash because an event was scheduled to be held at the Coliseum the next day. The accident happened while Harlan was driving the refuse truck to the steam plant.

### III.

Decker argues that the circuit court erred in holding that Code § 15.2-1809 "shields both the City of Hampton and the employee driver from civil liability for negligence arising out of an accident, caused by a city employee while driving a truck loaded with trash on its way from a recreational facility to a steam plant, miles from the facility, where the activity giving rise to liability did not arise out of the maintenance or operation of the recreational facility." Decker asserts that DePriest v. Pearson, 239 Va. 134, 387 S.E.2d 480 (1990), supports her contentions. We disagree with Decker's assertions.

In DePriest, we considered whether a bus was a "recreational facility" within the meaning of Code § 15.1-291, the predecessor statute to Code § 15.2-1809. The Henrico

3

County Department of Parks and Recreation sponsored a recreational trip to a retail establishment in Williamsburg for a group of citizens. The Department of Parks and Recreation furnished one of its buses and a driver. En route to the destination, the driver lost control of the bus, which overturned. Two passengers who were injured in the accident filed separate actions against Henrico County and its bus driver. The circuit court held, in each case, that the respective plaintiffs could not recover because former Code § 15.1-291 barred the plaintiffs' claims against the County and its bus driver unless the operator of the bus was guilty of gross negligence. DePriest, 239 Va. at 136, 387 S.E.2d at 481.

We disagreed with the circuit court in DePriest, and we held that Code § 15.1-291 did not bar the plaintiffs' claims because the bus was not a recreational facility within the meaning of the statute. We observed that the bus driver's sole argument was that he was entitled to the benefit of former Code § 15.1-291 because he was operating a recreational facility at the time the bus overturned. We stated, "[o]bviously, the county was not operating a 'recreational facility' when it was transporting passengers by bus to an outing in Williamsburg. In these cases, the bus and Pearson's

4

use of it simply served as a means of transportation." Id. at 137, 387 S.E.2d at 481.

Here, unlike the bus in DePriest, the Hampton Coliseum is a recreational facility within the intendment of Code § 15.2-1809. We have held that the statutory term "recreational facility" contained in Code § 15.2-1809 is unambiguous and means "a place for citizens' diversion and entertainment. It is a place . . . where members of the public are entertained and diverted, either by their own activities or by the activities of others." Frazier v. City of Norfolk, 234 Va. 388, 392, 362 S.E.2d 688, 690 (1987).

We must now consider whether Harlan's act of driving the refuse truck to the steam plant was a part of the "maintenance or operation" of the Coliseum within the intendment of Code § 15.2-1809. This inquiry is a mixed question of law and fact, and, therefore, the circuit court's conclusions are not binding on this Court. See Wilder v. Attorney Gen., 247 Va. 119, 124, 439 S.E.2d 398, 401 (1994); Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 95, 294 S.E.2d 840, 841 (1982).

As we have already stated, Harlan's job responsibilities required that he empty the refuse truck by driving it to a steam plant where the trash would be removed and incinerated. Joseph Tsao, director of the Hampton Coliseum, testified that the City could not operate the Coliseum unless the trash was

5

removed and that trash removal was "a part of the normal maintenance of the building." A food festival was scheduled to be held at the Hampton Coliseum the day after the accident, and Harlan needed to empty the refuse truck in preparation for that event. The refuse truck that Harlan was operating when the accident occurred was assigned to the Hampton Coliseum for the specific use of transporting trash, generated by events at the Coliseum, to the steam plant for incineration. We hold that the removal of trash created by the use of the recreational facility was a necessary and essential aspect of the maintenance or operation of the Coliseum and, thus, Code § 15.2-1809 bars Decker's claims.[*]

In view of our holding, we need not consider Decker's remaining arguments. Accordingly, we will affirm the judgment of the circuit court.

Affirmed.

---

[*] Decker does not argue and, therefore, we do not consider whether Code § 15.2-1809 affords immunity to an employee of a city, such as Harlan.