Present:  All the Justices

MARIE F. LOSTRANGIO
                                        OPINION BY
v.  Record No. 001203      JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 20, 2001
VALERIE LAINGFORD, ET AL.


        FROM THE CIRCUIT COURT OF NORTHAMPTON COUNTY
                    Glen A. Tyler, Judge


     In this appeal, we consider whether the trial court erred

in sustaining a plea in bar of sovereign immunity under Code

§ 15.2-1809 in a personal injury lawsuit filed against a

locality.[1]

                         BACKGROUND

     The case was submitted to the trial court on the pleadings.

Under well settled principles, where no evidence is taken in

support of a plea in bar, the trial court, and the appellate

court upon review, consider solely the pleadings in resolving

the issue presented.  In doing so, the facts stated in the

plaintiff's motion for judgment are deemed true.  Tomlin v.

McKenzie, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996).

_____


     [1]At the time the plaintiff was injured, Code § 15.1-291 was
the relevant code section.  Title 15.2 superseded Title 15.1
effective December 1, 1997.  As it pertains to this appeal, the
relevant provisions of the superseded code section are not
materially different to those of the current code section.
Accordingly, we will refer to the current code section in this
opinion.

On February 26, 1999, Marie F. Lostrangio filed a motion for judgment against Valerie Laingford, the Cape Charles Chamber of Commerce (the Chamber of Commerce), and the Town of Cape Charles (the Town). Relevant to the issue raised in this appeal, Lostrangio alleged that on July 4, 1997, the Town and the Chamber of Commerce jointly "sponsored and operated a July 4, 1997 celebration" within the Town. Lostrangio alleged that as part of that event, Laingford operated a petting zoo upon property owned by the Chamber of Commerce within the Town.

Lostrangio further alleged that, while in the vicinity of the petting zoo to attend the celebration, she tripped and fell over a feed bucket that negligently had been left outside the petting zoo's fence. Lostrangio alleged that as a result of her fall she suffered permanent disability, great physical pain, and mental anguish. Lostrangio sought $250,000 in damages from Laingford, the Chamber of Commerce, and the Town.

On March 15, 1999, the Town filed a plea in bar of sovereign immunity.[2] The Town asserted that "Lostrangio's alleged injuries and damages stem from her participation at a

---

[2]The Town also filed a demurrer asserting that Lostrangio failed to allege compliance with Code § 8.01-222 in her motion for judgment, thus barring recovery for any claim against the Town. The trial court made no ruling with respect to the Town's demurrer and, accordingly, we will not address that issue in this appeal.

recreational event in the Town of Cape Charles, for which the Town enjoys sovereign immunity under [Code § 15.2-1809]." (Emphasis added). In a brief filed in support of the plea in bar, the Town asserted that "the Town of Cape Charles operated a July 4, 1997 celebration. . . . This 'celebration' was a recreational facility as contemplated by Code § 15.2-1809." Accordingly, the Town maintained that it is entitled under Code § 15.2-1809 to immunity from liability for ordinary negligence and that Lostrangio's motion for judgment failed to allege facts that would support a claim for gross negligence.

In a responding brief, Lostrangio asserted that Code § 15.2-1809 "should be interpreted according to its terms" and that the Town's sponsoring of a "celebration" does not fall within the meaning of the language of the statute providing sovereign immunity for acts of ordinary negligence occurring at a recreational facility. She further asserted that, even if Code § 15.2-1809 does apply to the Town's sponsoring of this celebration, her motion for judgment alleged facts sufficient to support a finding of gross negligence for which there was no immunity from liability under the statute.

The trial court heard argument from the parties and, by order dated February 25, 2000, sustained the plea in bar, dismissing the Town from the suit with prejudice. Lostrangio

subsequently took a voluntary nonsuit as to Laingford and the Chamber of Commerce. We awarded Lostrangio this appeal.

DISCUSSION

In pertinent part, Code § 15.2-1809 provides:

> No city or town . . . shall be liable in any civil action or proceeding for damages resulting from any injury to the person . . . caused by any act or omission constituting ordinary negligence on the part of any officer or agent of such city or town in the maintenance or operation of any . . . recreational facility . . . . Every such city or town shall, however, be liable in damages for the gross negligence of any of its officers or agents in the maintenance or operation of any such . . . recreational facility . . . .

(Emphasis added).

We have held that the statutory term "recreational facility" contained in Code § 15.2-1809 is unambiguous and means "a place for citizens' diversion and entertainment." Frazier v. City of Norfolk, 234 Va. 388, 392, 362 S.E.2d 688, 690 (1987). In prior cases where we have considered the application of this statute or its predecessor, however, the "recreational facility" in question generally has been property owned by a locality with fixed improvements maintained and operated by the locality. See, e.g., Decker v. Harlan, 260 Va. 66, 69, 531 S.E.2d 309, 310 (2000) (city-owned coliseum); Hawthorn v. City of Richmond, 253 Va. 283, 287, 484 S.E.2d 603, 605 (1997) (city-owned park containing paths designed for bicycling, running, and walking); Chapman v. City of Virginia Beach, 252 Va. 186, 189, 475 S.E.2d

4

798, 800 (1996) (city-owned boardwalk); Frazier, 234 Va. at 392, 362 S.E.2d at 690 (city-owned municipal auditorium).

In the present case, based upon the allegations in the motion for judgment, the Town neither owned the property on which Lostrangio was injured, nor did it own, maintain, or operate the petting zoo that was temporarily established on that property. The Town's claim of immunity, therefore, is premised solely upon its having been a joint sponsor of a recreational event, the "July 4, 1997 celebration," of which the petting zoo was a part. Accordingly, the rationale of our prior cases is inapplicable to the facts of this case, and we are required based on this record to consider whether the Town's "recreational event" was a "recreational facility" contemplated by the provisions of Code § 15.2-1809.[3]

As we noted above, Code § 15.2-1809 is unambiguous. Thus, we will apply the plain meaning of the words used in this statute without resort to other rules of construction. City of

---

[3]Contrary to assertions made by both parties, our decision in DePriest v. Pearson, 239 Va. 134, 387 S.E.2d 480 (1990), is not relevant to the issue presented in this appeal. Although that case involved an "event," a recreational trip, sponsored by a locality, the only issue we addressed was whether the locality-owned bus used to transport passengers on the trip was a "recreational facility" within the meaning of the predecessor to Code § 15.2-1809. We did not resolve the issue whether the event itself was a "recreational facility" contemplated by the provisions of that Code section.

5

<u>Winchester v. American Woodmark Corp.</u>, 250 Va. 451, 457, 464
S.E.2d 148, 152 (1995).

The plain meaning of "facility," as that word is used in
Code § 15.2-1809, is something "that is built, constructed,
installed, or established to perform some particular function or
to serve or facilitate some particular end."  <u>Webster's Third
New International Dictionary</u> 812-13 (1993).  It was in this
context that in the <u>Frazier</u> case we held the term "recreational
facility" to mean "a place, like a bathing beach, swimming pool,
park, or playground, where members of the public are entertained
and diverted, either by their own activities or by the
activities of others."  234 Va. at 392, 362 S.E.2d at 690.
While we are of opinion that it is not necessary to establish a
comprehensive definition here, we simply note that the term
"facility" contained in Code § 15.2-1809 contemplates something
tangible with a purpose of diverting and entertaining the
public.

By contrast, an "event" is "something that happens . . . a
noteworthy occurrence or happening."  <u>Webster's Third New
International Dictionary</u> 788.  Applying that definition in the
context of this case, a "recreational event" would be simply an
occurrence of limited scope and duration intended to provide
persons attending with entertainment and diversion.  Clearly,
there is a significant distinction between something that

6

"happens" and something that is "built, constructed, [or] installed."  Moreover, we find nothing within the provisions of Code § 15.2-1809 that evinces a legislative intent that this distinction be disregarded.

Accordingly, we hold that the July 4, 1997 celebration sponsored by the Town, while undoubtedly intended to provide the public with entertainment and diversion, is not a "recreational facility" contemplated by the provisions of Code § 15.2-1809. Thus, we further hold that the trial court erred in sustaining the Town's plea in bar of sovereign immunity.

Because we hold that Code § 15.2-1809 is inapplicable on the facts of this case, we need not consider and express no opinion on whether the allegations of Lostrangio's motion for judgment are sufficient to sustain a claim for gross negligence.

CONCLUSION

For these reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

7