# CIRCUIT COURT OF THE CITY OF SALEM

Maria Lynn Scott et al.

v.

City of Salem et al.

March 9, 2010

Case No. CL08-369

BY JUDGE ROBERT P. DOHERTY, JR.

The plaintiff's suit alleges that the City of Salem purchased and installed defective playground equipment in a public city park on which the plaintiff was injured. The City's demurrer claims immunity pursuant to Code of Virginia § 15.2-1809 (1950), as amended. That code section limits the liability of a city or town in relation to the operation of a playground to gross negligence, and ordinary negligence is what the plaintiff pleaded. The plaintiff's argument that employees are not agents of the municipality is contrary to the position taken by the Virginia Supreme Court in *City of Lynchburg v. Brown*, 270 Va. 166 (2005); *Lostrangio v. Laingford*, 261 Va. 495 (2001); *Decker v. Harlan*, 260 Va. 66 (2000). Accordingly, the City's demurrer to the negligence claim is sustained.

The demurrer to the claim of breach of implied warranty of merchantability and implied warranty of fitness for a particular purpose is also sustained. These warranties arise under the Uniform Commercial Code, Code of Virginia § 8.1A-101 *et seq.* (1950), as amended, and arise only in sales or leases of goods. *See* §§ 8.2-314, 8.2-315 (warranties of

merchantability and fitness for a particular purpose as to sales of goods); §§ 8.2A-212, 8.2A-213 (warranties of merchantability and fitness for a particular purpose as to leases); *Dornan v. Penn Builders*, 21 Va. Cir. 267 (1990) (warranties of merchantability and fitness are unknown at common law).

The general rule requires privity of contract to maintain either a successful *ex contractu* or a negligence *ex delicto* claim arising out of breach of warranty. *See General Bronze Corp. v. Kostopulos*, 203 Va. 66, 70 (1961) (cited by *Boyle v. United Techs. Corp.*, 487 U.S. 500, 505 (1988)) (privity required as to negligence); *Harris v. Hampton Roads Tractor & Equipment Co.*, 202 Va. 958, 962 (1961) (privity required as to breach of warranty); *Winterbottom v. Wright*, 10 Meeson & Welsby 109, 152 Eng. Rep. 402 (Exch. 1842) (The Rule of Winterbottom; privity required as to negligence; decided on demurrer).

The Uniform Commercial Code abolishes the privity requirement *only* where the action is "brought against the manufacturer or seller of goods to recover damages for breach of warranty ... [and] the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods." *See* § 8.2-318; § 8.2A-216 (as to leases); see also *Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 254 Va. 240, 246 (1997) (the Supreme Court of Virginia has "referred to [§ 8.2-318] as modifying the common law privity rule") (citing *Ward v. Ernst & Young*, 246 Va. 317 (1993); *Copenhaver v. Rogers*, 238 Va. 361 (1989)). Taking the facts alleged in the pleadings as true, they are insufficient to support the claim. The City of Salem was not a manufacturer or seller of the playground equipment. Thus, privity is required for the claim to stand. The facts as pleaded do not support a finding of privity. Accordingly, the demurrer to the breach of warranty claims is also sustained.