## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Designs of Distinctions, Ltd.

    v.

Carolina Masonry Unlimited, Inc., et al.

Case No. CL08-1831

Eric R. Bartok
and Brandin L. Bartok

    v.

Designs of Distinctions, Ltd.

Case No. CL08-868

August 19, 2010

By JUDGE JOHN W. BROWN

These matters were before the Court at a hearing held on March 17, 2010, and, thereafter, briefs were filed at various times through April 21, 2010, regarding the remaining motions. This case has many facets, each of which depends on facts alleged in the pleadings and the application of various statutes of limitation and repose, as well as determinations of when each respective cause of action arose.

The Court entered Orders on June 28, 2010, resolving certain issues that were ruled upon at the March 17, 2010, hearing. With regards to Edward's Home Maintenance, the Court took under advisement the plea in bar filed based on the defense of the expiration of the statute of limitations and the statute of repose. The demurrer made to the negligence count and the contribution/indemnity count of the second amended complaint was sustained, and the plaintiff was granted leave to amend on or before April 7, 2010.

Thereafter, a third amended complaint was filed on April 7, 2010, pursuant to the Court's Oral Order. Therefore, the remaining issues before the Court for Edward's Home Maintenance appear to be:

1. Pleas in Bar for statutes of limitations and repose for the remaining claims;

2. Allegations of implied warranty;

3. Issues of negligence and breach of contract;

4. Issues for contribution and indemnity.

Regarding Carolina Masonry, the Court granted the defendant's motion craving oyer, as well as the demurrers to the negligence count and the contribution/indemnity count with leave for the plaintiff to amend on or before April 7, 2010. Carolina Masonry's motion to dismiss the express warranty count was granted; however, it was denied as to implied warranty. Finally, Carolina Masonry's plea in bar to the complaint based on the defense of the statutes of limitations and repose was taken under advisement.

With the amended pleading filed by Designs, the remaining issues for Carolina Masonry appear to be:

1. Pleas in bar based on statutes of limitations and repose for the remaining claims;

2. Allegations of implied warranty;

3. Issues of negligence and breach of contract;

4. Issues of contribution and indemnity.

Regarding Gary Harrington, Stock Building Supply, and Norandex, no orders were submitted for entry, but the Court's notes reflect that, on March 17, 2010, the demurrers regarding the negligence counts were sustained. Thus, the remaining issues for these three defendants appear to be the same as for Edwards Home Maintenance and Carolina Masonry with the exception of the breach of implied warranty of merchantability and breach of implied warranty of fitness for a particular purpose, which are more directly aimed at Norandex and Stock Building Supply.

However, with the filing of the third amended complaint effectively supplanting the second amended complaint, the Court asks whether the second amended complaint still exists for the purposes of the arguments taken under advisement? Without a request for service by the plaintiff of the third amended complaint on all of the defendants, the Court will still rule on the issues of the pleas in bar and motion for consolidation and leave to the parties any motions regarding the third amended complaint after proper service is effectuated.

In ruling on pleas in bar and, specifically, the defense of the expiration of the applicable statutes of limitation or repose before the filing of the suit, this Court must confine its consideration to the allegations of the complaint. See *Lostrangio v. Laingford*, 261 Va. 495 (2001). However, a court has the option to take evidence, and, if such evidence is taken, the defendant has the burden of establishing the defense. See *Whitney v. Commonwealth*, 260 Va. 482, 493 (2000), and *Cooper Industries v. Melendez*, 260 Va. 578, 594

(2000). The parties have each submitted attachments to the post-hearing briefs asking the Court to, in effect, consider those attachments as evidence to bolster the filed pleas in bar. Based on the nature of the arguments pleaded and the attachments submitted, the Court cannot determine whether in light of the affidavit (Exhibit A) filed by Designs of Distinctions to its post-hearing brief, any alleged plea in bar should be sustained at this point.

Initially, however, the issue of whether this separate cause of action filed by Designs of Distinction should survive rests on the Court's interpretation of Virginia Code § 8.01-281(A), Rule 3:10(a), and Virginia Code § 8.01-249(5), as well as applicable case law. After reviewing the legal authorities, the Court finds that this separate cause of action filed by Designs of Distinction cannot stand on its own. It is clear from the second amended complaint, the original answer of Designs of Distinction to the Bartoks' claim for damages, and the arguments of Designs, both in court and on brief, that Designs denies any liability to the original plaintiffs, Mr. and Mrs. Bartok, and asserts that any judicial determination of liability against them was the result of the subcontractors it sued. Thus, while there are separate counts of breach of contract, negligence, breach of express and implied warranty, they are all enveloped in the claim for indemnity and contribution from each subcontractor should Designs be found liable.

This action was not filed as a third-party action pursuant to Virginia Code §§ 8.01-281 and 8.01-249(5). Therefore, the Court rules that such claims are not viable at this point standing alone. Further, based on the presented evidence that will foreseeably be produced at trial with regard to the pleas in bar, the Court rules that this action or a properly filed third-party action should not be consolidated with the underlying case of *Bartok v. Designs of Distinctions*, Case No. CL08-868. The Court finds that different evidence will be presented regarding the specific relationships between Designs and each named subcontractor as well as the start of those relationships, their manner of doing business, and the onset of any cause of action. That evidence, in the Court's view, would make even more complex a case that already has numerous allegations against Designs by the Bartoks. The various issues, as well as the number of parties and attorneys would serve to confuse a jury. Although none of the parties at this point have requested a jury trial, the option is still available.

Based on the foregoing, the Court finds that this matter should be dismissed as to all defendants named in the complaint filed by Designs of Distinctions in CL08-1831. The complaint is completely based on liability that, at this point, remains undetermined. Virginia Code § 8.01-281 and Virginia Code § 8.01-249(5) allow such an action to be filed as a separate suit only after an obligation has been paid or discharged by the plaintiff or as a third-party suit to the underlying claim. Additionally, if a third-party action is filed, the Court will deny any motion for a joint trial. However, a request to consolidate the discovery aspects of the two suits will be entertained.