PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Chaney, Callins and White
Argued at Alexandria, Virginia

JANE DOE

v.      Record No. 1450-22-4

JOSEPH ROBERT GREEN, JR.

OPINION BY
JUDGE VERNIDA R. CHANEY
AUGUST 6, 2024

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Dontaé L. Bugg, Judge

Jennifer L. Leffler (LefflerPhillips, PLC, on briefs), for appellant.

T. Wayne Biggs (Clifford Clapp; Skyler Peacock; Dycio & Biggs, on
brief), for appellee.


In this case of first impression, we address the question of whether Code § 8.01-249(6)

permits a delayed action for childhood sexual abuse.  In 2021, Jane Doe sued Joseph Robert

Green for negligence, battery, and intentional infliction of emotional distress arising from sexual

abuse that she suffered between 2005 and 2006—when she was a minor.  Green filed a plea in

bar arguing that Doe's claims were subject to a two-year statute of limitations that began to run

on the day she attained the age of majority and were, therefore, time-barred as of December

2010.  The circuit court granted the plea in bar on the grounds that the statute of limitations

barred Doe's claims.  Doe appealed, arguing that Code § 8.01-249(6) permitted her claims.

Finding no error, this Court affirms the judgment of the circuit court.

BACKGROUND

This case reaches appeal following the circuit court's order granting Green's plea in bar

asserting that Doe's claims were "barred by the applicable statute of limitations."  Since the circuit

court received no evidence supporting the plea in bar, this Court considers "solely the pleadings in resolving the issue presented" and deems the facts stated in the complaint to be true. *Fines v. Rappahannock Area Cmty. Servs. Bd.*, 301 Va. 305, 312 (2022) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)).

Around June 2005, when Doe was 14 years old, she alleges that she began engaging in regular sexual intercourse with Green, who was 33 years old at the time. This alleged abuse continued through the middle of 2006. As a result, Doe reportedly suffered from eating and exercise disorders, low self-esteem, suicidal ideation, and emotional disturbances. In September 2006, when Doe was 15 years old, she attempted to escape the abuse by fleeing to New York. There, she struggled with housing instability and attempted suicide.

After Doe had been living in New York for two months, police brought her back to Virginia. Doe was angry with her parents for not protecting her from Green and was arrested after she assaulted her mother. Following her release from juvenile detention, Doe dropped out of high school and quit soccer. When Green contacted Doe in 2009, she reported him to police.[1]

Doe asserts that her emotional struggles continued as a young adult. She reportedly suffered from anxiety, nightmares, flashbacks, problems with sleep and concentration, suicidal thoughts, and difficulty forming romantic relationships. Doe alleges the emotional turmoil caused her to drop out of college.

In May 2021, Doe's licensed clinical psychologist diagnosed her with Post-Traumatic Stress Disorder (PTSD) and informed her that the condition resulted from the sexual abuse she allegedly suffered.

---

[1] Green was charged with, and eventually acquitted of, carnal knowledge of a child between the ages of 13 and 15.

On September 17, 2021, Doe filed a complaint in the circuit court bringing claims of assault, battery, and intentional infliction of emotional distress against Green.[2] Green filed a plea in bar asserting that the statute of limitations barred Doe's claims. He argued that the statute of limitations on Doe's claims expired on December 25, 2010, two years after she attained the age of majority, and, thus, her claims were time-barred.

Code § 8.01-249(6) currently states that a plaintiff's claim accrues on the date on which a psychologist "first communicates" to her "the fact of the injury and its causal connection to the sexual abuse." Green contended that Doe's claims were governed by the 2005 version of the statute (2005 Accrual Statute), in effect at the time of Doe's abuse, which also included language expressly requiring that the plaintiff not know of the "fact of injury or its casual connection to the sexual abuse" before reaching the age of majority in order to be eligible for delayed accrual. Although the language concerning knowledge is absent from the newest version of the statute (2021 Accrual Statute),[3] Green argued that the version of the statute now in effect did not apply to Doe's claims because it did not apply retroactively to reach causes of action arising before its enactment. Green maintained that under the language of the 2005 Accrual Statute, Doe's cause of action accrued when she reached the age of majority.

Using the same rationale, Green argued that the 2011 enactment of Code § 8.01-243(D), extending the statute of limitations from 2 to 20 years for claims arising from childhood sexual abuse, also did not apply to Doe's claims. Green argued that the claims were subject instead to the ordinary two-year limitations period for personal injury claims in Code § 8.01-243(A).

---

[2] After Green asserted the statute of limitations in his first plea in bar, Doe amended her complaint to replace the assault claim with a claim for per se negligence. Green then re-filed his plea in bar in response to the amended complaint.

[3] The language concerning knowledge was removed from the statute in 2013. This newest version of the statute was then re-enacted in 2021. For consistency and clarity, we refer to this version as the 2021 Accrual Statute.

Doe argued that both the 20-year limitations period and the 2021 Accrual Statute were retroactive to her claims because of a 1995 amendment to the Virginia Constitution permitting statutes of limitations to be retroactive (1995 Amendment). Doe also argued that, even if neither statute applied retroactively, her claims did not accrue under the 2005 Accrual Statute until May 2021 and she had brought her claims within two years of this date. Doe contended she did not know that she suffered from PTSD or that it was causally connected to the alleged abuse and that the diagnosis and causation were first communicated to her by her psychologist many years after she had reached the age of majority.

The circuit court granted Green's plea in bar and dismissed Doe's claims. First, the court agreed with Green that neither the 20-year limitations period nor the 2021 Accrual Statute was retroactive. Therefore, the court held that the 2005 Accrual Statute governed Doe's claims and that the claims were subject to a 2-year rather than 20-year limitations period. Citing the Supreme Court of Virginia's holding in *Haynes v. Haggerty*, 291 Va. 301 (2016), the circuit court next concluded that Doe's claims accrued when she attained the age of majority rather than on the date that she was diagnosed with PTSD because the sexual abuse she suffered "inherently caused her injury as it occurred." Doe timely appealed.

ANALYSIS

"A plea in bar asserts a single issue, which, if proved, creates a bar to a plaintiff's recovery." *Cornell v. Benedict*, 301 Va. 342, 349 (2022) (quoting *Massenburg*, 298 Va. at 216). "The movant bears the burden of proof on such a plea, and if evidence is presented ore tenus, the circuit court's factual findings 'are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *Id.* (quoting *Massenburg*, 298 Va. at 206).

- 4 -

"Where no evidence is taken in support of the plea, the trial court, and the appellate court upon review, must rely solely upon the pleadings in resolving the issue presented." *Robinson v. Nordquist*, 297 Va. 503, 513-14 (2019) (quoting *Tomlin v. McKenzie*, 251 Va. 478, 480 (1996)). "In doing so, the facts stated in the plaintiff's [complaint] are deemed true." *Massenburg*, 298 Va. at 216 (alteration in original) (quoting *Lostrangio v. Laingford*, 261 Va. 495, 497 (2001)). "This approach results in functionally de novo review of the trial court's judgment." *Id.*

On appeal, Doe assigns four errors to the circuit court's grant of Green's plea in bar.[4] First, the circuit court erred in finding that Doe's claim was subject to a two-year statute of limitations that accrued when she attained the age of majority. Second, the circuit court erred in finding that the 2021 Accrual Statute is not retroactive. Third, the circuit court erred in using *Haynes* to determine that Doe's cause of action accrued when she reached the age of majority rather than when a psychologist diagnosed her with PTSD. Finally, if this Court finds that the circuit court correctly applied *Haynes*, Doe argues it should be overruled.

## I. The 2021 Accrual Statute is not retroactive.[5]

Doe argues that the trial court erred by finding that her claim "was subject to a two-year statute of limitations that began to run on her eighteenth birthday" and that "there is not clear legislative intent to make the 2021 version of Va. Code § 8.01-249 retroactive." We disagree.

---

[4] This Court assumes without deciding that Doe is a "complaining witness" as the term is used in Code § 18.2-67.10(6)(a) and that Doe suffered "sexual abuse" for the purposes of Code § 8.01-249(6). Therefore, this Court assumes that the statute of limitations in this code section applies to Doe's claims.

[5] Although Doe's first assignment of error requires us to consider whether the 20-year limitations period in Code § 8.01-243(D) applies to her claims, she does not explicitly raise the argument that this code section is retroactive in any assignment of error. In the absence of adequate briefing on this issue, we do not consider it. *See* Rule 5A:20(e); *Theismann v. Theismann*, 22 Va. App. 557, 572 (declining to address an argument that was inadequately developed in appellant's brief), *aff'd en banc*, 23 Va. App. 697 (1996).

"A circuit court's 'decision on a plea in bar of the statute of limitations involves a question of law that we review de novo.'" *Evans v. Truist Bank*, 77 Va. App. 140, 144 (2023) (quoting *Radiance Cap. Receivables Fourteen, LLC v. Foster*, 298 Va. 14, 19 (2019)). Likewise, whether to apply a statute of limitations retroactively is a question of law that we review de novo. *Sink v. Commonwealth*, 28 Va. App. 655, 658 (1998). Furthermore, "[w]e review issues of statutory interpretation and a circuit court's application of a statute to its factual findings[] de novo." *Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 635 (2020).

As a general rule, an action for personal injury accrues and the statute of limitations begins to run on "the date the injury is sustained." Code § 8.01-230; *Kiser v. A.W. Chesterton Co.*, 285 Va. 12, 22 (2013). Code § 8.01-243(A) provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." If a plaintiff's cause of action accrued during infancy, however, "the time during which [s]he is within the age of minority shall not be counted as any part of the period within which the action must be brought." Code § 8.01-229(2)(a). Ordinarily, the fact that damage has not yet been discovered does not affect either the accrual of the cause of action or the running of the limitations period. Code § 8.01-230; *Starnes v. Cayouette*, 244 Va. 202, 205-06 (1992).

In 1991, however, the General Assembly enacted Code § 8.01-249(6) to permit delayed accrual for claims of childhood sexual abuse. In 2005 and 2006, when Doe's cause of action arose, the version of Code § 8.01-249(6) in effect provided:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, [the cause of action shall be deemed to accrue] upon removal of the disability of infancy or incapacity as provided in § 8.01-229 or, *if the fact of the injury and its causal connection to the sexual abuse is not then known*, when the fact of the injury and its causal connection to the sexual abuse is first

- 6 -

> communicated to the person by a licensed physician, psychologist, or clinical psychologist.

2005 Va. Acts ch. 213 (enacted March 20, 2005) (emphasis added).  Meanwhile, the current version of the delayed accrual statute, enacted in 2021, provides:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, [the cause of action shall be deemed to accrue] upon the later of the removal of the disability of infancy or incapacity as provided in § 8.01-229 or when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.

2021 Va. Acts ch. 195 (enacted March 18, 2021).  Since the 2021 Accrual Statute omits the knowledge requirement included in the older version, it permits a claim to begin running when a psychologist first communicates the fact of a plaintiff's injury regardless of the plaintiff's prior awareness of the injury or its causal connection to the abuse.

The 2021 Accrual Statute, if retroactive to causes of action arising before its enactment, would permit Doe's claims to proceed.  "[A]mendments to statutes of limitations are presumed to be prospective and not retroactive in their operation in the absence of a clear legislative intent to the contrary." *Riddett v. Va. Elec. & Power Co.*, 255 Va. 23, 29 (1998) (citing *Ferguson v. Ferguson*, 169 Va. 77, 85 (1937)).  Any analysis of the retroactivity of a statute is "guided by the fundamental principle[] . . . that retroactive laws are not favored, and that a statute is always construed to operate prospectively unless a contrary legislative intent is manifest." *Berner v. Mills*, 265 Va. 408, 413 (2003) (citations omitted).

A legislative intent to make a statute retroactive manifests only when the language of the statute affirmatively "state[s] in clear, explicit, and unequivocal terms" that the statute is meant to apply retroactively. *Foster v. Smithfield Packing Co.*, 10 Va. App. 144, 147 (1990).  Further, when a statute is amended and re-enacted, the new provisions are presumed to be prospective rather than

retroactive unless the amendments "expressly provide[] that such changes are effective retroactively on a specified date." *Berner*, 265 Va. at 413.

The 2021 Accrual Statute contains no explicit language conveying an intent to apply the code section retroactively. The amended statute does not contain any express declaration that the amendment is to apply retroactively to causes of action arising before enactment or any other specified date, or otherwise includes any statutory language "explicitly and unequivocally" creating retroactive effect.

Furthermore, this Court has found statutes to be prospective where they contain words that convey prospective intent when read in the context of the statute as a whole. *See Street v. Commonwealth*, 75 Va. App. 298, 308-11 (2022). Here, the 2021 Accrual Statute contains language showing a legislative intent to be applied prospectively. Specifically, the statute asserts that a cause of action "shall be deemed to accrue" on a certain date provided in the statute. Using the prospective word "shall" in the context of this statute conveys an intention to regulate or enable future rather than past causes of action. *See City of Charlottesville v. Payne*, 299 Va. 515, 530 (2021) (holding that the use of present tense language including the word "shall" in a statute regulating the erection and removal of public monuments indicates an intent to apply the statute prospectively to monuments erected after the statute's enactment). In light of this, the Court must heed the presumption that the 2021 Accrual Statute is prospective rather than retroactive.

Doe argues that a 1995 amendment to Article IV § 14 of the Virginia Constitution makes retroactive all accrual statutes applicable to childhood sexual abuse claims. This Court disagrees. Article IV § 14 says:

> The General Assembly's power to define the accrual date for a civil
> action based on an intentional tort committed by a natural person
> against a person who, at the time of the intentional tort, was a minor
> shall include the power to provide for the retroactive application of a
> change in the accrual date. No natural person shall have a
> constitutionally protected property right to bar a cause of action

based on intentional torts as described herein on the ground that a change in the accrual date for the action has been applied retroactively or that a statute of limitations or statute of repose has expired.

Va. Const. art. IV § 14.  The plain language of the 1995 Amendment contradicts Doe's assertion that the provision automatically renders all accrual statutes pertaining to childhood sexual abuse—including the 2021 Accrual Statute—retroactive.  Rather, the amendment language merely provides that the legislature has the power to make these statutes retroactive and that such retroactive application does not deprive defendants of a constitutional property right in an expired statute of limitations.  *See Kopalchick v. Catholic Diocese of Richmond*, 274 Va. 332, 338-39 (2007).  In particular, the phrase "shall include the power to provide for" indicates that the amendment *permits* the legislature to make statutes of limitations retroactive without violating the Virginia Constitution.  But it does not *compel* retroactivity in the absence of further legislative action.

Generally, retroactive application of a statute requires both a finding that such an application would not disturb any party's substantive or vested rights *and* the presence of statutory language clearly conveying the legislature's retroactive intent.  *Bd. of Supervisors of James City County v. Windmill Meadows, LLC*, 287 Va. 170, 180 (2014) (holding that a statute regulating the payment of cash proffers may be applied retroactively because the statute does not affect any private party's substantive rights *and* because the use of the statutory phrase "any cash proffer" signals retroactive intent); *see also Cohen v. Fairfax Hosp. Ass'n*, 12 Va. App. 702, 705-07 (1991) (holding that an extension in the period in which a change in condition application is filed may be applied retroactively because the employer's rights under the old limitations period had not yet vested *and* because the inclusion of the phrase "an award" in the statute creates retroactive effect).

The 2021 Accrual Statute does not contain language clearly conveying a legislative intent to apply the statute retroactively to causes of action arising before the statute's enactment.  In the

- 9 -

absence of this express retroactive language, we may not apply the statute retroactively.  Therefore, we must find that the 2021 Accrual Statute is not retroactive to Doe's claims.

## II.  The statute of limitations barred Doe's claims as of December 25, 2010.

Next, Doe argues that the circuit court erred by "ruling that *Haynes v. Haggerty* holds that 'the sexual abuse she suffered as a child inherently caused her injury when it occurred.'"  She also argues that, if this Court finds that the circuit court properly applied *Haynes*, that "*Haynes v. Haggerty* should be overturned."  First, this Court finds that the circuit court correctly determined the accrual date of Doe's claims and that any error in applying *Haynes* was harmless.[6]  Second, we cannot overrule *Haynes* because this Court has no power to do so.  *See, e.g.*, *Martinez v. Commonwealth*, 42 Va. App. 9, 19 (2003) ("We are bound by the decisions of the Supreme Court of Virginia and are without authority to overrule [them]." (alteration in original) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991))).

The circuit court determined that Doe suffered her injuries from Green when she was 14 years old and that the statute of limitations started running when she turned 18—rather than when a psychologist diagnosed her with PTSD in 2021.  Doe, conversely, argues that she did not know of her injury until she received a formal diagnosis and, therefore, her claim should benefit from delayed accrual.  We hold that the circuit court did not err in concluding that Doe's claims accrued when she reached the age of majority rather than on the date of her diagnosis and that, therefore, her claims are time-barred under the statute.

---

[6] In *Haynes*, the Supreme Court of Virginia considered a claim of childhood sexual abuse arising before the enactment of the Accrual Statute in 1991 and applied common law tort principles to find that the sexual abuse suffered by the plaintiff "inherently caused her injury as it occurred." 291 Va. at 306.  We question the application of a case involving an injury predating the initial enactment of Code § 8.01-249.  We will not, however, reverse on this point because the circuit court correctly identified the date when Doe's cause of action accrued. *See id.* at 305 ("In instances where a trial court's decision is correct, but its reasoning is incorrect, and the record supports the correct reason, we uphold the judgment pursuant to the right result for the wrong reason doctrine." (citing *Perry v. Commonwealth*, 280 Va. 572, 580 (2010))).

A plea in bar asserting that an action is time-barred should be granted only when the plaintiff has pleaded sufficient facts on the face of the complaint to apply the relevant statute of limitations to the plaintiff's claim. *Robinson*, 297 Va. at 516-17. "Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Radiance Cap.*, 298 Va. at 19 (citing *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). Likewise, where an appeal of a plea in bar rests on the circuit court's application of law to undisputed facts, the court's ruling will be reviewed de novo. *Hilton v. Martin*, 275 Va. 176, 180 (2008).

In 2005, when Doe's cause of action arose, the version of the delayed accrual statute that was in effect provided:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, [the cause of action shall be deemed to accrue] upon removal of the disability of infancy or incapacity . . . or, *if the fact of the injury and its causal connection to the sexual abuse is not then known*, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist.

2005 Va. Acts ch. 213 (enacted March 20, 2005) (emphasis added). The knowledge requirement in the 2005 Accrual Statute imposed a significant restriction as it conditioned the application of the delayed accrual date on the plaintiff's lack of knowledge of "the fact of injury and its causal connection to the sexual abuse" before reaching the age of majority. The plain language of this statutory requirement evinces a legislative intent to prevent plaintiffs from reviving otherwise time-barred actions for which they had prior knowledge but did not act.

Interpretation of the knowledge requirement in the 2005 Accrual Statute is a matter of first impression. This Court holds that delayed accrual only applies when the "fact of the [plaintiff's] injury and its causal connection to the sexual abuse" is not "known" by the plaintiff before he or she reaches the age of majority. *See* 2005 Va. Acts ch. 213.

- 11 -

An "injury" for the purposes of a tort action is commonly understood to be a "positive, physical or mental hurt." *Nunnally v. Artis*, 254 Va. 247, 252 (1997) (citation omitted). The plain language of the statute creates a distinction between the existence of such a physical or psychological "injury" and the act that caused the injury. When a statutory phrase uses the conjunctive word "and," we naturally assume that the legislature intended the word to "have its ordinary, literal conjunctive meaning." *Barr v. Atl. Coast Pipeline, LLC*, 295 Va. 522, 552 (2018) (quoting *Safeway Stores, Inc. v. Milk Comm'n*, 197 Va. 69, 74 (1955)). Furthermore, by "use of the conjunctive 'and,' the statute is clear that *both*" of the conditions separated by the conjunction must be met to satisfy a statutory requirement. *Varga v. Commonwealth*, 260 Va. 547, 551-52 (2000).

Here, the use of the conjunction "and" in the phrase "if the fact of injury *and* causal connection to the sexual abuse is not then known" indicates that the "injury" of which the plaintiff must lack knowledge is something other than the sexual abuse itself, given that the natural conjunctive use of "and" is to conjoin two distinct objects. Furthermore, the statute conveys that a plaintiff benefits from delayed accrual only if she was unaware of both the existence *and* the cause of injury before reaching the age of majority.

Given the lack of appellate guidance on this matter, we look to a decision from the Eastern District of Virginia for an example of how this delayed accrual provision applies. In *B.T. v. Silver Diner Dev., LLC*, 2022 U.S. Dist. LEXIS 146916, at *13 (E.D. Va. Aug. 16, 2022), the court denied a motion to dismiss asserting the statute of limitations for a claim of childhood sexual abuse. In that case, the plaintiff described psychological injuries that she had incurred as a result of sexual abuse she experienced as a minor but did not provide any facts to indicate that these injuries had manifested before she reached the age of majority rather than later in life. *Id.* at *2-3.

The plaintiff in *B.T.* also did not describe any events or circumstances to suggest that she had known that the injuries were connected to the sexual abuse before being informed of this fact by a psychologist many years after she had reached the age of majority. *Id.* Given the lack of details establishing a timeline for the plaintiff's awareness, the court concluded that it was "plausible" that she had not known of her injuries or the cause of the injuries before reaching adulthood. *Id.* at *13-14. The district court, therefore, denied the defendant's motion to dismiss because "it [was] not clear from the face of the complaint that Plaintiff was aware of the causal connection between her abuse and her injuries before she met with a mental health professional in 2020." *Id.* at *13.

Like the plaintiff in *B.T.*, Doe sustained psychological injuries from childhood sexual abuse for which she did not receive a formal diagnosis until much later in life. Unlike the plaintiff in that case, however, Doe alleges several symptoms that manifested before she reached the age of majority:

- She became concerned that she would get in trouble with her parents, causing her to become secretive.
- She suffered "anxiety about the inappropriate nature of the sexual abuse."
- She developed eating and exercise disorders.
- Her self-esteem dropped, and she suffered suicidal ideation.
- She fled to New York, where she suffered housing instability and attempted suicide.
- She became combative with her parents, at one point being arrested for assaulting her mother.
- She disengaged with extracurricular activities.

Most significantly, Doe's allegation that she suffered from "anxiety about the inappropriate nature of the sexual abuse" clearly indicates an awareness of the causal origin of her condition. Doe stated in her complaint that, in September 2006, when she was 15 years old, she had fled to New York to escape the abuse. Doe also stated that she became angry with her parents for not protecting

- 13 -

her from Green when she returned to Virginia two months later. In addition, Doe reported her abuse to the police in 2009, shortly after reaching the age of majority, and Green was prosecuted as a result.

We disagree with Doe's contention that she could not have known of her injury until she was formally diagnosed with PTSD. This Court reads "every act of the legislature . . . to give reasonable effect to every word." *Lynchburg Div. of Soc. Servs. v. Cook*, 276 Va. 465, 483 (2008) (quoting *Jones v. Conwell*, 227 Va. 176, 181 (1994)). "Every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." *Id.* (quoting *Hubbard v. Henrico Ltd. P'ship*, 255 Va. 335, 340 (1998)). Here, a reading of the word "injury" in the 2005 Accrual Statute to mean the formal diagnosis of an underlying condition, rather than the symptoms or manifestations of the condition, would render the knowledge requirement in the statute without any meaningful effect. If a plaintiff could never know of the "fact of injury" until he or she receives a formal diagnosis, then delayed accrual would always apply regardless of the plaintiff's prior knowledge. The need to give effect to every part of the statute compels us, therefore, to construe "injury" as symptoms and not necessarily a diagnosis.

The facts pleaded, taken as true on this standard of review, establish that Doe was aware of "the fact of injury" and its connection to abuse before she attained the age of majority. Since the version of the delayed accrual statute that was in effect at the time of Doe's abuse required that the plaintiff be unaware of the "fact of injury and its causal connection to sexual abuse" in order to benefit from delayed accrual, the circuit court properly found that the statute of limitations had run on December 25, 2010, and that Doe's claims were time-barred under the statute.

CONCLUSION

The circuit court correctly determined that the statute of limitations had run on Doe's claims. There was no reversible error in granting Green's plea in bar. This Court, therefore, affirms the circuit court's judgment.

*Affirmed.*