# CIRCUIT COURT OF WARREN COUNTY

Judith McClosky

v.

Warren County
Department of
Social Services
and Ronald L. King

Case No. (Civil) CL09000097-00

July 15, 2010

By JUDGE DENNIS L. HUPP

The Warren County Department of Social Services (DSS) and Ronald King have individually filed demurrers to the Plaintiff's complaint and have jointly filed a motion for summary judgment. The demurrer of the DSS has been rendered moot, in part, by reason of the Plaintiff's nonsuit of her claim under the Virginia Fraud Against Taxpayers Act (VFATA). In doing so, she acknowledges the ruling in *Ligon v. County of Goochland*, 279 Va. 312, 689 S.E.2d 666 (2010). I will now resolve the remaining issues by addressing these pleadings individually.

## DSS Demurrer

The remaining portion of this demurrer goes to Count Two of the Complaint wherein Judith McClosky alleges that she was wrongfully discharged from her employment with the DSS. I sustain the demurrer for the reasons discussed hereinbelow with respect to the Motion for Summary Judgment. This ruling pertains only to McClosky's claim of a Type 2 exception to the "employment-at-will" doctrine, as will be discussed hereinbelow. This is the sole exception addressed by the demurrer, and the Court must limit its analysis to that one issue. Virginia Code § 8.01-273.

*King Demurrer*

I sustain this demurrer as to Count One brought under the VFATA. King was not McClosky's employer, and I believe that Virginia Code § 8.01-216.8 contemplates that any suit thereunder would be brought against an employer.

I overrule the demurrer to the extent that it avers that a wrongful discharge claim cannot be brought against managing employees in addition to the employer itself. This claim sounds in tort and not in contract, and McClosky can sue the managing employee who discharged her. See *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985).

*Motion for Summary Judgment*

In the interest of time, I will not trace the development of Virginia's public policy exception to the "employment at will" doctrine. Counsel have done an excellent job at that. Suffice it to say that *Bowman* is the seminal case in this line and that it and its progeny have identified three types of exceptions. I will discuss them *seriatim*.

*Type 1*. This arises when an employer violates a policy that enables the exercise of an employee's statutorily created right. This was the exception type involved in *Bowman*. In *McFarland v. Virginia Retirement Services of Chesterfield, L.L.C.*, 477 F. Supp. 2d 727 (E.D. Va. 2007), the federal court applied this public policy exception in finding in favor of a retirement home employee who was discharged from her employment for reporting deficiencies in the care of residents at the facility. It is clear, however, from reading that case, that she had a statutory duty to make the report. That is not true in our case. As an investigator in the fraud unit of DSS, McClosky had the duty to investigate allegations of fraud and, once the Commonwealth's Attorney is involved, to assist him in the prosecution of welfare fraud. Virginia Code § 63.2-526(C). The duty to report alleged violations to the prosecutor rests upon the Director. Virginia Code § 63.2-522. (The question remains as to whether the Director has discretion as to which cases to report. It is arguable that he does not. The last cited statute seemingly places the discretion as to which cases to prosecute on the Commonwealth's Attorney. This would be in keeping with the way criminal prosecutions are ordinarily handled. In any event, I need not address this issue here.) I am giving a literal interpretation to the cited statutes for our purposes here, since the public policy exception to the "employment at will" doctrine is intended to be a narrow one. *City of Virginia Beach v. Harris*, 259 Va. 220 at 232, 523 S.E.2d 239 (2000). Hence, I do not believe the allegations in the complaint are within the Type 1 exception to the extent that McClosky claims that she

was fired because she insisted on reporting instances of welfare fraud to the Commonwealth's Attorney.

As I read the complaint, however, McClosky also alleges that King inhibited or prevented her investigation of fraud cases and her cooperation with the Commonwealth's Attorney in the prosecution of same and that her insistence on doing these things contributed to her termination. In addition, McClosky alleges that her appearance before the Warren County Grand Jury, to the disgruntlement of King, also contributed to her termination. In applying this Type 1 exception, the Courts have viewed an employee's statutory obligation the same as an employee's statutory right. See *McFarland v. Virginia Retirement Services of Chesterfield, L.L.C., supra.* As stated above, McClosky, as a fraud investigator, had an obligation to investigate fraud cases and to assist the Commonwealth's Attorney in the prosecution of those cases. She also would have had an obligation to testify before the grand jury if subpoenaed to do so as provided under Virginia Code § 19.2-201 or Virginia Code § 19.2-208. To the extent that McClosky alleges that her termination resulted from her carrying out these obligations, I believe she makes out a claim under this Type 1 exception to the "employment-at-will" doctrine. The motion for summary judgment is denied in this respect.

*Type 2.* This comes into play when there is a public policy "explicitly expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy." *Rowan v. Tractor Supply Co.*, 263 Va. 209 at 214, 559 S.E.2d 709 (2002), citing *Bailey v. Scott-Gallaher, Inc.*, 253 Va. 121, 480 S.E.2d 502 (1997), and *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98, 439 S.E.2d 328 (1994). Although it pre-dates the cases just cited, *Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987), can be read as having expanded this exception to situations where the statute does not explicitly state a public policy but is designed "to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *Id.* at 468. Here, with the exception of Virginia Code § 63.2-522, none of the statutes relied upon by McClosky (§§ 63.2-526, 19.2-201, and 18.2-462) explicitly state a public policy, and none of them is designed "to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." These statutes facilitate the prosecution of criminal cases and do not directly protect property rights, personal freedoms, etc. I find the facts of our case to be somewhat similar to those of the *City of Virginia Beach v. Harris.* With respect to Virginia Code § 63.2-522, I do find an underlying public policy designed to protect the "welfare of the people" in that it ultimately serves to prevent the depletion of governmental funds allocated to welfare programs by criminalizing fraudulent conduct that diverts those funds to persons who

are not entitled to the assistance. I do not believe, however, that McClosky falls within the class of persons protected by this public policy.

Hence, I find that this case does not fall within the Type 2 exception to the "employment-at-will" doctrine. In this regard, I have sustained the demurrer, and I now grant the motion for summary judgment.

*Type 3*. When an employee is discharged for refusing to engage in criminal conduct, the employee's wrongful discharge suit can go forward under a third type exception to the "employment-at-will" doctrine. *Mitchem v. Counts*, 259 Va. 179, 523 S.E.2d 246 (2000). In our case, there is no allegation that McClosky was terminated from her employment for refusal to engage in criminal misconduct. The Type 3 exception does not apply here. I grant the motion for summary judgment with respect to this exception.

### Summary

In view of the rulings made herein, Count I of the complaint is dismissed on demurrer as to both defendants. The plaintiff will be allowed to go forward on Count Two under the Type 1 exception to the "employment-at-will" doctrine subject to the limitations stated herein.