COURT OF APPEALS OF VIRGINIA


Present: Judges Petty, Beales and Senior Judge Coleman
Argued at Richmond, Virginia


ROBERT MURPHY
                                                              OPINION BY
v.        Record No. 1311-10-2                    JUDGE SAM W. COLEMAN III
                                                             MARCH 22, 2011
CHARLOTTE COUNTY DEPARTMENT
  OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                          Joel C. Cunningham, Judge

            M. Paul Valois (James River Legal Associates, on briefs), for
            appellant.

            Michael J. Brickhill for appellee.


       Robert Murphy appeals an order that denied his petition for attorney's fees pursuant to Code

§ 16.1-278.19.  Murphy argues that the trial court erred when it sustained the Charlotte County

Department of Social Services' (the Department) Special Plea of Sovereign Immunity asking for

dismissal of his claim for attorney's fees.  For the reasons set forth below, we affirm the judgment

of the trial court.

                                    BACKGROUND

       Murphy has three minor children.  The Department removed the children based on

allegations of abuse and neglect.  Several hearings were held in the juvenile and domestic

relations district court (the JDR court) regarding the Department's petitions.  Ultimately, the JDR

court dismissed the petitions.[1]  Subsequently, Murphy filed a motion for attorney's fees to be

_____

       [1] The JDR court's orders are not included in the record.  Murphy asserts that the JDR
court dismissed the removal petitions, but one child remained in the Department's custody based
on a CHINS petition until custody was later awarded to Murphy.  The Department states that the

assessed against the Department pursuant to Code § 16.1-278.19.[2]  The JDR court denied his

motion.  Murphy appealed the denial of attorney's fees to the trial court.  The Department

responded by filing a Special Plea of Sovereign Immunity.  The trial court ultimately granted the

Department's Special Plea, ruling that "the doctrine of sovereign immunity bars [Murphy's]

claim for attorney's fees against the Charlotte County Department of Social Services."  Murphy

then appealed this ruling to the Court of Appeals of Virginia.

ANALYSIS

Murphy argues that the trial court erred in granting the Department's Special Plea of

Sovereign Immunity and denying his request for attorney's fees pursuant to Code

§ 16.1-278.19.[3]  In reviewing this argument, we are mindful that:

> "'Where no evidence is taken in support of a plea in bar, the trial
> court, and the appellate court upon review, consider solely the
> pleadings in resolving the issue presented.'"  Niese v. City of
> Alexandria, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002)
> (quoting Lostrangio v. Laingford, 261 Va. 495, 497, 544 S.E.2d
> 357, 358 (2001)).  "The facts as stated in the pleadings by the
> plaintiff are taken as true for the purpose of resolving the special
> plea."  Id. (citing Lostrangio, 261 Va. at 497, 544 S.E.2d at 358).
> "The existence of sovereign immunity is a question of law that is
> reviewed de novo."  City of Chesapeake v. Cunningham, 268 Va.
> 624, 633, 604 S.E.2d 420, 426 (2004).

Gray v. Va. Sec'y of Transp., 276 Va. 93, 97, 662 S.E.2d 66, 68 (2008).

---

JDR court adjudicated the abuse and neglect petitions, but by agreement of the parties, the JDR
court later vacated the adjudication and the Department was allowed to withdraw its petitions.

[2] Murphy incurred significant attorney's fees during this process in the JDR court.

[3] Murphy never argued to the circuit court -- nor did he argue in his briefing to the Court
-- that sovereign immunity does not apply to a motion for attorney's fees if the Commonwealth
has initiated the underlying suit.  Murphy argues only that Code § 16.1-278.19 and Code
§ 17.1-660 allow a trial court to award attorney's fees to a party who prevails against the
Commonwealth in an equity case in the JDR court, such as in the case here.

The Department argues that it is protected by the doctrine of sovereign immunity from the claim for attorney's fees.[4]  The trial court agreed, holding, "[T]he Commonwealth or any of its subdivisions cannot be sued in the absence of an express and clear waiver of its claim under sovereign immunity."

"As a general rule, the Commonwealth is immune both from actions at law for damages and from suits in equity to restrain governmental action or to compel such action."  Alliance to Save the Mattaponi v. Commonwealth, 270 Va. 423, 455, 621 S.E.2d 78, 96 (2005) (citations omitted).  "The same immunity principles apply to counties, which are political subdivisions of the Commonwealth."  Ligon v. Cnty. of Goochland, 279 Va. 312, 316, 689 S.E.2d 666, 668 (2010) (citing Mann v. Cnty. Board of Arlington Cnty., 199 Va. 169, 174, 98 S.E.2d 515, 518 (1957); Fry v. Cnty. of Albemarle, 86 Va. 195, 197-98, 9 S.E. 1004, 1005 (1890)).  However, the Commonwealth's sovereign immunity can be waived by statute.

> The doctrine of sovereign immunity serves many purposes.  These purposes include protecting the public purse, ensuring the uninterrupted functioning of government, eliminating any public inconvenience and danger that may result from officials being fearful to act, assuring that citizens will continue to accept public employment, and discouraging individuals from improperly threatening or initiating vexatious litigation.  Gray, 276 Va. at 101, 662 S.E.2d at 70; Afzall v. Commonwealth, 273 Va. 226, 231, 639 S.E.2d 279, 282 (2007); Messina v. Burden, 228 Va. 301, 307-08, 321 S.E.2d 657, 660 (1984).
>
> Only the General Assembly can determine as a matter of policy whether the Commonwealth's sovereign immunity should be abrogated with regard to a particular type of legal action.  Afzall,

---

[4] Murphy argues that this Court previously decided the issue before us in Donald v. Fairfax Cnty. Dep't of Human Dev., 20 Va. App. 155, 455 S.E.2d 740 (1995) (en banc).  Murphy correctly notes that the Supreme Court of Virginia reversed our Donald holding on jurisdictional and procedural grounds, Fairfax Cnty. Dep't of Human Dev. v. Donald, 251 Va. 227, 467 S.E.2d 803 (1996), but argues that the rationale of our Donald holding should be adopted here.

After the Supreme Court of Virginia reversed and remanded the Donald case, this Court withdrew and vacated its opinion.  Therefore, our Donald opinion has no precedential value, and we may not consider it as authority on the issue of sovereign immunity.

273 Va. at 230, 639 S.E.2d at 281; Commonwealth v. Luzik, 259 Va. 198, 206, 524 S.E.2d 871, 876 (2000). In reviewing a statute, courts will conclude that the General Assembly has taken such action abrogating the Commonwealth's sovereign immunity only when the statutory language has explicitly and expressly announced such a waiver. See Gray, 276 Va. at 102, 662 S.E.2d at 71; Afzall, 273 Va. at 230, 639 S.E.2d at 281; Hinchey v. Ogden, 226 Va. 234, 241, 307 S.E.2d 891, 895 (1983); Elizabeth River Tunnel Dist. v. Beecher, 202 Va. 452, 457, 117 S.E.2d 685, 689 (1961).

Id. at 316-17, 689 S.E.2d at 668-69.

At oral argument before this Court, Murphy conceded that there was no express waiver of sovereign immunity in Code § 16.1-278.19. This concession would seem to resolve the issue before us. However, "'[o]ur fidelity to the uniform application of law precludes us accepting concessions of law made on appeal. Because the law applies to all alike, it cannot be subordinated to the private opinions of litigants.'" Copeland v. Commonwealth, 52 Va. App. 529, 531-32, 664 S.E.2d 528, 529 (2008) (quoting Logan v. Commonwealth, 47 Va. App. 168, 172, 622 S.E.2d 771, 773 (2005) (en banc)). Therefore, we look to the language of the statute and the law to determine whether the Department's sovereign immunity was waived.

Code § 16.1-278.19 states: "In any matter properly before the court, the court may award attorneys' fees and costs on behalf of *any party* as the court deems appropriate based on the relative financial ability of the parties." (Emphasis added.) In looking at this language, we find that the Supreme Court's holding in Ligon is informative and controlling. There, the Supreme Court held that "a waiver of sovereign immunity cannot be implied from general statutory language." Ligon, 279 Va. at 319, 689 S.E.2d at 670 (citations omitted). The Supreme Court then held that the broad term "any employee" as used in Code § 8.01-216.8 did not expressly and specifically refer to employees of the Commonwealth and its subdivisions; thus, the Commonwealth had not explicitly waived sovereign immunity under the retaliatory discharge provision of the Virginia Fraud Against Taxpayers Act. Id.

- 4 -

Similarly here, the General Assembly did not specify that "any party," as stated in Code § 16.1-278.19, referred to the Commonwealth and its subdivisions. While the General Assembly was very much aware when enacting this statute that the counties' departments of social services would frequently be parties to actions instituted in JDR courts,[5] such as petitions for abuse and neglect (Code § 16.1-278.2), foster care (Code §§ 16.1-281, -282, -282.1, -282.2), and termination of parental rights (Code § 16.1-283), nevertheless, similar to the situation in Ligon, the General Assembly chose to use the general nomination, "any party," rather than to expressly and specifically waive the shield of sovereign immunity. If the General Assembly had intended that the counties' departments of social services would have been subject to the discretionary assessment of attorneys' fees in all JDR court proceedings, then it would have said so expressly. Hinchey v. Ogden, 226 Va. 234, 241, 307 S.E.2d 891, 895 (1983) ("[T]here can be no waiver of sovereign immunity by implication."). Accordingly, appellant's counsel most appropriately conceded at oral argument that Code § 16.1-278.19 did not expressly and specifically waive the Department's protection of sovereign immunity. Thus, we hold the trial court did not err in sustaining the Department's Special Plea of Sovereign Immunity.[6]

Murphy presents another argument in support of his claim that the trial court erred in finding that the Department was not immune to his motion for attorney's fees. He argues that the General Assembly has waived the Department's sovereign immunity in suits in equity where a

---

[5] Code § 16.1-278.19 is found in Chapter 11 of Title 16.1 of the Code of Virginia, the chapter that establishes and controls actions in the JDR courts.

[6] In Lynchburg Div. of Soc. Servs. v. Cook, 276 Va. 465, 484, 666 S.E.2d 361, 370-71 (2008), the Supreme Court did rule that the Court of Appeals could award appellate attorney's fees to a child's grandparents in a foster care proceeding. However, the issue of sovereign immunity was not raised in that case. Id. The only argument on attorney's fees was whether this Court had applied the appropriate standard under Code § 16.1-278.19, and the Supreme Court specifically refused to express an opinion as to whether the grandparents actually were entitled to an award of attorney's fees. Id. at 484 n.11, 666 S.E.2d at 371 n.11. For these reasons, we find Cook is not relevant to the resolution of the case currently before us.

party seeks an award of costs, pointing to Code §§ 17.1-600 and 17.1-629, which are found in the title of the Code addressing actions in "courts of record," i.e., trial courts.

Code § 17.1-629 states: "In no case, civil or criminal, whether in a court of record or a court not of record, except when otherwise specially provided, shall there be a judgment for costs against the Commonwealth." However, Code § 17.1-600 limits the applicability of this prohibition as it applies to suits in equity, stating: "The laws of costs shall not be interpreted as penal laws; nor shall anything in this chapter take away or abridge the discretion of a court of equity over the subject of costs, except as provided in § 17.1-604."[7] The parties agree that this case involves a matter in equity.

However, Murphy's motion only requested attorney's fees, not costs. This Court has previously noted that "costs" do not necessarily include "attorney's fees." See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 693, 479 S.E.2d 98, 99 (1996). In addition, Code § 17.1-600 speaks of the courts' "discretion" in equity – but Virginia courts do not have discretion to award attorney's fees in any case, whether legal or equitable, absent a specific grant of such authority. See Lannon v. Lee Conner Realty Corp., 238 Va. 590, 594, 385 S.E.2d 380, 383 (1989) ("[W]e have consistently adhered to the 'American rule': ordinarily, attorneys' fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary." (citation omitted)). Because Code § 17.1-600 does not specifically allow the award of attorney's fees, the trial court could not award attorney's fees to Murphy here, especially given the opposing party was the Department, a government agency protected by sovereign immunity.

---

[7] Code § 17.1-604 allows the recovery of costs associated with appeals to the Supreme Court of Virginia and to this Court. Its provisions are not relevant here.

## CONCLUSION

For the reasons stated above, we affirm the trial court's ruling.

Affirmed.