## CIRCUIT COURT OF FRANKLIN COUNTY

Joshua Carter
and Allan Arrington

v.

Ewell A. Hunt et al.

August 16, 2011

Case No. CL11-5888

By Judge Joseph W. Milam, Jr.

This matter comes before the Court on the pleadings of the parties, their motions and briefs in support, and oral argument on August 1, 2011. The Court ruled on a number of issues at that hearing, leaving the only remaining issues in this case those related to Plaintiffs' claims under *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985). For the reasons discussed below, the Court sustains in part and overrules in part the demurrer regarding the remaining Bowman claims.

The issue presented here is whether Plaintiffs state a proper Bowman claim for wrongful termination under any of the following theories, assuming for the purpose of this demurrer that each was a motivating factor in Sheriff Hunt's decision to terminate their employment.

1. One or both Plaintiffs, as Hunt's deputies, had a duty to maintain proper records under Va. Code § 15.2-1722 and complied with that duty.

2. Plaintiffs complied with their duty under Va. Code § 19.2-201 to report Hunt's violations of penal law.

3. Plaintiffs took steps to prevent Hunt from violating the Virginia Fraud Against Taxpayers Act ("VFATA"), Va. Code § 8.01-216.1 *et seq.*

Each section of this letter addresses whether Plaintiffs have made out a case for common law wrongful termination, so we begin with a short review of the accepted grounds for such a claim in Virginia. "Virginia strongly

adheres to the common law employment-at-will doctrine." *Lawrence Chrysler Plymouth Corp. v. Brooks*, 251 Va. 94, 96, 465 S.E.2d 806 (1996).

Generally, a terminated employee has no recourse in wrongful termination. There is, however, a narrow exception to this rule announced in *Bowman v. State Bank of Keysville*, 229 Va. 534, 539, 331 S.E.2d 797 (1985). A terminated employee may bring a Bowman claim that asserts "a wrongful discharge . . . in violation of public policy[.]" *McFarland v. Virginia Ret. Servs. of Chesterfield*, 477 F. Supp. 2d 727, 733 (E.D. Va. 2007) (citing *Brooks*, 251 Va. at 95). It is not a general cause of action for retaliatory discharge. *Miller v. SEVAMP, Inc.*, 234 Va. 462, 467, 362 S.E.2d 915 (1987). To prevail, the plaintiff must show (1) that the statute in question either contains an express statement of public policy or is designed to protect the rights or welfare of the general public, *Virginia Beach v. Harris*, 259 Va. 220, 232, 523 S.E.2d 239 (2000), and (2) that the plaintiff was fired for exercising a right the statute is meant to protect. *Shaw v. Titan Corp.*, 255 Va. 535, 543, 498 S.E.2d 696 (1998).

## I. *Plaintiffs' Duty To Maintain Records under Va. Code § 15.2-1722*

Plaintiffs claim that Hunt terminated them in part for refusing to keep false records regarding the employment of Hunt's daughter. Had they complied, Plaintiffs argue, they would have violated their duty under Va. Code § 15.2-1722 to maintain proper records. They contend that discharge for this reason allows them to maintain a Bowman claim.

Where a statute grants a person a right, that person is among those the statute is meant to protect under *Shaw*, and his employer may not discharge him in retaliation for exercising that right. *Bowman*, 229 Va. at 539-40. Similarly, where a statute imposes some duty on a person, his employer may not discharge him for carrying out that duty. *Mitchem v. Counts*, 259 Va. 179, 183, 523 S.E.2d 246. The former employee may then bring a Bowman claim against the employer. *Dray v. New Market Poultry, Inc.*, 258 Va. 187, 191, 518 S.E.2d 312 (1999).

Va. Code § 15.2-1722 places upon each sheriff the responsibility to "insure . . . the maintenance of adequate personnel . . . records." A sheriff may appoint deputies and instruct those deputies to "discharge any of the official duties of [the sheriff] during his continuance in office." Va. Code § 15.2-1603. No authority exists that those delegated duties of the sheriff become the *statutory* duties of his deputies. While the terms of a deputy's employment or other forces may compel him to carry out that duty on behalf of the sheriff, the sheriff remains statutorily responsible.

Plaintiffs were delegated some of Hunt's personnel record-keeping duties, but, as deputies, they did not have any statutory duty under Va. Code § 15.2-1603 to maintain adequate records. Hunt retained that statutory duty.

Having no statutory duty or right under that Code section, Plaintiffs fail to make out a Bowman claim based on a duty to maintain adequate records.

## II. *Plaintiffs' Duty To Report Violations of Penal Laws under Va. Code § 19.2-201*

Plaintiffs next allege that Hunt terminated them in part for reporting Hunt's violation of Va. Code § 15.2-1722. That Code section is a penal law, and Hunt was criminally charged with its violation. Va. Code § 19.2-201 commands sheriff's deputies, such as Plaintiffs, to "promptly give information of the violation of any penal law to the attorney for the Commonwealth."

If a deputy is terminated for complying with his statutorily-mandated duties, he may bring a Bowman claim for wrongful termination against the sheriff. *See McCloskey v. Warren County Dept. of Social Services*, 81 Va. Cir. 35, 37 (Warren County 2010) (citing *Harris*, 259 Va. 220, 523 S.E.2d 239). In *McCloskey*, a local D.S.S. employee was terminated for reporting her boss's suspected welfare fraud. The Circuit Court of Warren County held that the D.S.S. employee made out a cognizable Bowman claim under those circumstances.

The facts alleged in this case are similar to those in *McCloskey*. If Plaintiffs' allegations are true, then they were terminated in part for engaging in activity protected under *Bowman*. Thus, this claim will not be dismissed on demurrer.

## III. *Plaintiffs' Attempt To Thwart Hunt's Violation of the VFATA*

Finally, Plaintiffs allege that Hunt terminated them in part because they "acted to prevent Sheriff Hunt's fraudulent use of tax payer dollars to pay his daughter for work she did not perform." Plaintiff's Omnibus Brief, p. 12.

VFATA broadly prohibits fraud regarding Commonwealth money or property. The statute sets up a system whereby employees may report suspected violations of VFATA within their company to the Attorney General and forbids employers from terminating them in retaliation for reporting such fraud. § 8.01-216.1 *et seq.*

Plaintiffs' reliance on VFATA for a Bowman claim is misplaced because, even if their allegations regarding VFATA are true, they are barred by sovereign immunity. VFATA states that the Commonwealth has not relinquished sovereign immunity under that act in any case where the Commonwealth's employee has not "in good faith, exhausted existing internal procedures for reporting and seeking recovery of the falsely claimed sums through official channels and unless the [Attorney General] failed to act." § 8.01-216.8. Plaintiffs claim that, because they are not suing

under VFATA, but simply relying on the public policy of VFATA to bring a common law wrongful discharge claim, their suit is not barred by sovereign immunity. However, it is unlikely that, if the General Assembly took pains to clarify that sovereign immunity bars claims by people like Plaintiffs under the statute, that body did not intend to waive sovereign immunity as to common law Plaintiffs claims based on the statute. The Supreme Court of Virginia held as much in *Ligon v. County of Goochland*, 279 Va. 312, 316, 689 S.E.2d 666 (2010). The Court held that the doctrine of sovereign immunity bars retaliatory discharge claim brought under the VFATA against the Commonwealth or a political subdivision. It would circumvent the intent of the statute to allow a common law wrongful termination claim based on the statute's public policy. This is especially true when one remembers that Bowman claims are only a narrow exception to the employment-at-will doctrine to begin with. *See Harris*, 259 Va. at 232.

Plaintiffs' Bowman claim based on VFATA is dismissed because sovereign immunity bars circuit courts from hearing VFATA claims or common law claims based on the public policy of that Act brought by employees of the Commonwealth against one of its political subdivisions.

Plaintiffs only state a proper Bowman claim for wrongful termination regarding their compliance with their duty under Va. Code § 19.2-201 to report Hunt's alleged criminal violations. Thus, their Bowman claims under Va. Code § 15.2-1722 and § 8.01-216.1 *et seq.* are dismissed, and their claim under § 19.2-201 is allowed to proceed.