UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Causey and Senior Judge Haley
Argued at Richmond, Virginia


NICHOLE FOGLEMAN

MEMORANDUM OPINION[*] BY
v.      Record No. 0841-22-2                    JUDGE JAMES W. HALEY, JR.
SEPTEMBER 19, 2023
COMMONWEALTH OF VIRGINIA, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
C.N. Jenkins, Jr., Judge

Nicholas F. Simopoulos (Simopoulos Law, PLLC, on briefs), for
appellant.

Graham K. Bryant, Deputy Solicitor General (Jason S. Miyares,
Attorney General; Charles H. Slemp, III, Chief Deputy Attorney
General; Steven G. Popps, Deputy Attorney General; Andrew N.
Ferguson, Solicitor General; Erika L. Maley, Principal Deputy
Solicitor General; Sandra S. Gregor, Assistant Attorney General, on
brief), for appellees.


Nichole Fogleman appeals the circuit court's order granting the Commonwealth's and

Virginia Commonwealth University's (VCU) plea of sovereign immunity. She argues that the

Virginia Human Rights Act (VHRA) permits a cause of action for age discrimination against the

Commonwealth and waives sovereign immunity. Finding no error, we affirm the trial court's

judgment.

BACKGROUND

In reviewing this matter involving sovereign immunity, we review the evidence in the light

most favorable to the Commonwealth, given that the Commonwealth is the prevailing party before

the trial court. *Patterson v. City of Danville*, 301 Va. 181, 187 (2022). In June 2020, Fogleman

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

began classes in a Ph.D. program at VCU. As part of a course taught by Tyler Corson, Fogleman wrote discussion posts about the topic of her term paper. In an August 2020 post to an online discussion forum, Fogleman "transferred [content] verbatim from another source" without providing citations. Corson emailed Fogleman the following day and directed her to use proper citations in the future. Fogleman revised her discussion posts.

On September 7 and 10, 2020, Corson reported Fogleman to the Office of Student Conduct and Academic Integrity (SCAI) for plagiarism. Fogleman subsequently withdrew from the Ph.D. program. After her withdrawal, an SCAI investigator adjudicated Fogleman responsible for plagiarism. Fogleman appealed that decision to the SCAI Decision Review Board, which affirmed the finding.

On October 26, 2021, Fogleman filed a complaint under the VHRA against the Commonwealth, VCU, and Corson, alleging age discrimination against all defendants; Fogleman also advanced counts of defamation, defamation per se, and gross negligence against Corson.[1] On January 7, 2022, the Commonwealth and VCU filed a plea of sovereign immunity seeking their dismissal as parties from the action because they were absolutely immune from Fogleman's claim. Fogleman opposed the plea, arguing that the General Assembly had waived the Commonwealth's sovereign immunity under the VHRA.

On March 16, 2022, the trial court granted the Commonwealth's and VCU's plea of sovereign immunity. On June 1, 2022, the trial court granted Fogleman's motion for a nonsuit regarding her claims against Corson. Fogleman filed a notice of appeal on June 7, 2022, seeking review of the trial court's order granting the plea of sovereign immunity.[2] She argues that the trial

---

[1] Corson is not a party to this appeal.

[2] This Court previously determined that the trial court's June 1, 2022 nonsuit order was a final, appealable order. *Fogleman v. Commonwealth*, No. 0841-22-2 (July 8, 2022) (order).

court erred because the General Assembly waived sovereign immunity under the VHRA by necessary implication.

ANALYSIS

I. Fogleman's argument is properly at issue in this appeal.

As a threshold matter, the Commonwealth and VCU argue that Fogleman's sole assignment of error is not properly before this Court because it addresses a claim that is not part of the final, appealable nonsuit order. They maintain that the trial court's order granting the plea of sovereign immunity was the final disposition of the counts against them and not part of the action that was subject to the nonsuit. Accordingly, they argue that the only issue that may be raised in this appeal is the propriety of the nonsuit order.

"The effect of [a] nonsuit and interpretation of [a] trial court's . . . order are questions of law which we consider de novo." *Temple v. Mary Washington Hosp., Inc.*, 288 Va. 134, 139 (2014) (citing *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). The Commonwealth and VCU correctly note that, generally, "an appeal from a nonsuit order is limited to resolving disputes regarding the propriety of granting the nonsuit." *Wilby v. Gostel*, 265 Va. 437, 443-44 (2003) (citing *McManama v. Plunk*, 250 Va. 27, 32 (1995)). A party, however, may not suffer a nonsuit of any claims that have already been submitted to the court for a decision. *Dalloul v. Agbey*, 255 Va. 511, 514 (1998) (citing *Khanna v. Dominion Bank*, 237 Va. 242, 245 (1989)). Thus, "when the trial court has reached a final determination in a proceeding regarding any claims or parties to claims, those claims and parties are excluded by operation of law from any nonsuit request." *Id.* (citing *Bremer v. Doctor's Bldg. Partnership*, 251 Va. 74, 80 (1996)). Instead, "'the action' subject to a plaintiff's nonsuit request is comprised of the claims and parties remaining in the case after any other claims and parties have been dismissed with prejudice or otherwise eliminated from the case." *Id.* (quoting Code § 8.01-380(A)).

Consistent with those principles, the Supreme Court has held that when a trial court dismisses with prejudice some, but not all, claims or defendants in multi-party litigation, and subsequently enters a final order nonsuiting the remaining claims, "the case [becomes] concluded as to all claims and parties" because "nothing remain[s] to be done." *Id.* at 515. Under those circumstances, a party may appeal the prior order dismissing some of the claims or defendants with prejudice *even though those claims or parties were not subject to the nonsuit order. Id.* Although Rule 1:2 would have permitted a severable claim to be immediately appealed as a partial final judgment before a final order is entered, a party is not required to pursue that relief and may instead wait until a final order is entered to appeal.[3] *Id.*

As we noted in our July 8, 2022 order, the trial court's March 16, 2022 order granting the Commonwealth's and VCU's plea of sovereign immunity was not a final order because it did not dispose of all claims against all parties. Instead, the trial court's June 1, 2022 nonsuit order, which disposed of the remaining claims, was the final order in this case; Fogleman appropriately filed a notice of appeal after that order was entered. Given those circumstances, Fogleman's argument challenging the trial court's ruling on the plea of sovereign immunity is properly before this Court. *Id.*

## II. The General Assembly did not waive sovereign immunity under the VHRA.

"We review de novo a trial court's ruling on a plea of sovereign immunity." *Pike v. Hagaman*, 292 Va. 209, 214 (2016) (quoting *City of Chesapeake v. Cunningham*, 268 Va. 624, 633 (2004)). "[W]here no evidence is taken in support of a plea in bar, the trial court, and the appellate court upon review, consider solely the pleadings in resolving the issue presented. In doing so, the facts stated in the plaintiff's [complaint] are deemed true." *Fines v. Rappahannock Area Comm.*

---

[3] Moreover, the order granting the plea of sovereign immunity was not a "partial final judgment." *See* Rule 1:2(a)(i)-(iii).

*Servs. Board*, 301 Va. 305, 312 (2022) (second alteration in original) (quoting *Massenburg v. City of Petersburg*, 298 Va. 212, 216 (2019)).

"[T]he doctrine of sovereign immunity is 'alive and well' in Virginia." *Id.* at 313 (alteration in original) (quoting *Messina v. Burden*, 228 Va. 301, 307 (1984)). The doctrine generally provides that "the Commonwealth is immune from liability for damages and from suits to restrain governmental action or to compel such action." *Ligon v. County of Goochland*, 279 Va. 312, 316 (2010) (quoting *Gray v. Virginia Sec'y of Transp.*, 276 Va. 93, 102 (2008)). Indeed, it is a long "established principle of sovereignty" that the Commonwealth "cannot be sued in its own courts, or in any other, without its consent and permission." *Bd. of Pub. Works of City of Richmond v. Gannt*, 76 Va. 455, 461 (1882). Agencies of the Commonwealth, including public universities, are entitled to the same sovereign immunity. *Cuccinelli v. Rector & Visitors of Univ. of Va.*, 283 Va. 420, 427 (2012).

Fogleman does not contest that VCU is an agency of the Commonwealth. Rather, she contends the VHRA waived sovereign immunity, permitting a cause of action for age discrimination against the Commonwealth and VCU. She begins by noting that the VHRA's explicit policy is to "safeguard all individuals within the Commonwealth from unlawful discrimination" by creating a cause of action "over the *person* who allegedly unlawfully discriminated" and that the General Assembly created the Office of Civil Rights (OCR) "to carry out this policy." To that end, the OCR adopted regulations, which have the force of law and define the term "person" as "any individual, corporation, partnership . . . *government*, political subdivision, or any other legal or commercial entity and any successor, representative, agent, agency, or instrumentality thereof." 1 Va. Admin. Code § 45-20-20 (emphasis added). Moreover, the General Assembly's Dictionary Act defines "person" as "any . . . government, political subdivision, . . . and any . . . agency or instrumentality thereof." Code § 1-230. Accordingly, Fogleman maintains that

the General Assembly and OCR have, "by necessary and unavoidable implication, applied the VHRA to" the Commonwealth and thereby waived sovereign immunity. Any other interpretation would, according to Fogleman, result in "an unreasonable and absurd interpretation of the VHRA."

It is a foundational principle of sovereign immunity law that "[*o*]*nly* the General Assembly, acting in its capacity of making social policy, can abrogate the Commonwealth's sovereign immunity." *Gray*, 276 Va. at 102 (emphasis added) (quoting *Alliance to Save the Mattaponi v. Commonwealth*, 270 Va. 423, 455 (2005)); *see also Ligon*, 279 Va. at 317 ("Only the General Assembly can determine as a matter of policy whether the Commonwealth's sovereign immunity should be abrogated with regard to a particular type of legal action." (citing *Azfall v. Commonwealth*, 273 Va. 226, 230 (2007))). Moreover, the only way the General Assembly may abrogate sovereign immunity regarding a particular claim is by "an express statutory" provision. *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 244 (2004). Indeed, "Commonwealth agencies are not bound by statutes of general application '*no matter how comprehensive the language*, unless named expressly or included by necessary implication.'" *Cuccinelli*, 283 Va. at 426-27 (quoting *Commonwealth ex rel. Pross v. Bd. of Supervisors of Spotsylvania Cnty.*, 225 Va. 492, 494 (1983)); *see also Gray*, 276 Va. at 102 ("A waiver of sovereign immunity will not be implied from general statutory language but must be explicitly and expressly stated in the statute." (quoting *Alliance*, 270 Va. at 455)). "A necessary implication is '[a]n implication so strong in its probability that anything to the contrary would be unreasonable.'" *Cuccinelli*, 283 Va. at 429 (alteration in original) (quoting *Black's Law Dictionary* 822 (9th ed. 2009)). "[T]here can be no waiver of sovereign immunity by implication." *Hinchey v. Ogden*, 226 Va. 234, 241 (1983).

The General Assembly has demonstrated its awareness of these longstanding principles of sovereign immunity by including express waivers in previous legislation. For example, the Virginia Tort Claims Act "constitutes an express limited waiver of the Commonwealth's immunity from tort

claims" by providing that, subject to the Act's provisions, "the Commonwealth shall be liable for claims for . . . personal injury or death." *Bates v. Commonwealth*, 267 Va. 387, 391 (2004) (quoting Code § 8.01-195.3). Similarly, "[t]here is an express waiver of sovereign immunity in [the Virginia Fraud Against Taxpayers Act] in Code § 8.01-216.8." *Cuccinelli*, 283 Va. at 430. That clear and explicit waiver language provides: "This paragraph shall constitute a waiver of sovereign immunity and creates a cause of action by an employee against the Commonwealth." Code § 8.01-216.8. Although the VHRA contains comprehensive language that outlines "the policy of the Commonwealth," which purports to "safeguard all individuals" and "prohibit discriminatory practices," it does not contain a clear and unequivocal waiver of sovereign immunity. Given the General Assembly's express waiver in other Acts, the lack of such clear and unequivocal language in the VHRA compels the conclusion that sovereign immunity is not waived.

Nevertheless, Fogleman argues that the VHRA waives sovereign immunity by necessary implication because it permits causes of action against any "person who allegedly unlawfully discriminate[s]," and the government is a person as defined by the OCR and Code § 1-230. But, Fogleman's argument that the OCR can waive sovereign immunity by defining the government as a person contravenes foundational principles. "[T]he sovereign is a person or party within the intendment of a statute only when *the General Assembly* names it expressly or by necessary implication." *Cuccinelli*, 283 Va. at 428 (emphasis added) (quoting *Richard L. Deal & Associates, Inc. v. Commonwealth*, 224 Va. 618, 620 (1983)). As noted above, "[o]*nly* the General Assembly, acting in its capacity of making social policy, can abrogate the Commonwealth's sovereign immunity." *Gray*, 276 Va. at 102 (emphasis added) (quoting *Alliance*, 270 Va. at 455). Thus, it is within the exclusive prerogative of the legislative branch to determine, as a matter of social policy, when sovereign immunity can be abrogated. Regulations promulgated by state agencies, which are not directly accountable to voters, cannot waive sovereignty. *Cf. United States v. Mitchell*, 463 U.S.

206, 215-16 (1983) (holding that the "source" of the government's consent to be sued must be found in legislation, not a contract the government enters or "executive regulations"); *Heller v. United States*, 776 F.2d 92, 98 n.7 (3d Cir. 1985) ("[G]overnment regulations alone, without the express intent of [the legislature] cannot waive sovereign immunity.").

Fogleman's argument that the General Assembly waived sovereign immunity by necessary implication under Code § 1-230 also fails. "A necessary implication is '[a]n implication so strong in its probability that anything to the contrary would be unreasonable.'" *Cuccinelli*, 283 Va. at 429 (alteration in original) (quoting *Black's Law Dictionary* 822 (9th ed. 2009)). Consequently, if "[t]he language of the Act still functions" without concluding that the Commonwealth waived sovereign immunity, then we will not hold that immunity is waived by necessary implication. *Id.* Fogleman fails to demonstrate how the VHRA will not function or how it would be unreasonable unless we conclude that sovereign immunity is waived. Indeed, the Act's terms remain operative even if the Commonwealth is not encompassed within its scope. Moreover, Code § 1-230's definitions occur outside the VHRA, and nothing within the VHRA references the Commonwealth or its agencies as persons under the Act. Thus, we decline Fogleman's invitation to hold that the Code § 1-230 definition of "person" creates such a strong implication that sovereign immunity in the VHRA is waived that any other interpretation is unreasonable. *See Deal*, 224 Va. at 620-22 (declining to conclude that the Commonwealth was "a person" within arbitration statutes even though, at that time, the Dictionary Act provided that "[t]he word 'person' may extend and be applied to bodies politic and corporate as well as individuals").

## CONCLUSION

In sum, the General Assembly did not expressly or by necessary implication waive sovereign immunity under the VHRA. Accordingly, the trial court's judgment is affirmed.

*Affirmed*.